The Honorable Mike Wilson State Representative 1202 Main Street Jacksonville, Arkansas 72076
Dear Representative Wilson:
This is in response to your request for an opinion regarding the formation of a fire improvement district pursuant to Act 35 of 1979, which is codified as Ark. Stat. Ann. 20-923 et seq. (Supp. 1985). You have asked the following specific questions in this regard:
 (1) Can the residents of the district elect the commissioners of the district by informal election in the community; and
 (2) Can they provide that tax assessments for the district could not be raised without a vote of the residents of the district?
The county court has the explicit responsibility under Ark. Sat. [Stat.] Ann. 20-928 for selecting the commissioners of the district. This statute provides that the county court "shall appoint five (5) qualified electors of the district as a Board of Commissioners for the district." It must therefore be concluded that the county court has exclusive authority and responsibility in this area. Thus, the answer to your first question is no.
The answer to your second question is also no. Ark. Stat. Ann. 20-931 states that the Board of Commissioners shall have the power and authority to make assessments of benefits against real property in the district benefited by the fire protection services. See 20-931(d). Ark. Stat. Ann. 20-932 provides, further, that the Board "shall appoint three (3) assessors to assess the annual benefits which will accrue to the real property within the district from the providing of fire protection services." 20-932 is therefore clear in mandating that the assessment of benefits be made by the appointed assessors. The responsibility of the assessors extends, moreover, to the reassessment of annual benefits, "and the annual benefits may be raised or lowered as fire protection services benefiting the property change." Ark. Stat. Ann. 20-934. The Commissioners appear to have final authority in this regard, as evidenced by 20-934 wherein it is stated: "Provided, if the Commissioners determine that there have been no significant changes in improvements on the land in the district, it (they) may direct that assessed benefits remain the same as the benefits assessed the preceding year."
It should be noted, finally, that the property owners have a right to be heard and to appeal from the decision of the assessors. See Ark. Stat. Ann. 20-932. Notice must be given of the assessment or reassessment and the assessors must hear all complaints, in accordance with Ark. Stat. Ann. 20-933. The assessors' determination is final, unless suit is brought in chancery court within thirty (30) days to review it, pursuant to 20-933.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.